**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case Number: 9:16-cv-81316-RLR**

CYNTHIA A. GREIG, on behalf of herself
and all others similarly situated,

Plaintiff,

vs.

BACKER ABOUD POLIAKOFF & FOELSTER, LLP,
a Florida Professional Association, and
KEITH F. BACKER, individually

Defendant.
_______________________________________________/

**RULE 12(b)(6) MOTION TO DISMISS**
**COUNTS I AND II OF SECOND AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendants, BACKER ABOUD POLIAKOFF & FOELSTER, LLP and KEITH F. BACKER, move for dismissal of Counts I and II of the Second Amended Class Action Complaint, D.E. 20, for their failure to state a cause of action, as detailed below.

**INTRODUCTION**

Counts I and II of the Second Amended Class Action Complaint attempt to allege a cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") with regard to a Notice Letter required by Florida law, and argues essentially that Defendants violated the FDCPA by offering Plaintiff too much time to exercise her statutory rights. Courts addressing similar arguments have rejected same, and Plaintiff's claims should likewise be rejected in the instant matter.

## RELEVANT ALLEGATIONS

The Complaint alleges that on or about May 27, 2016, Defendants sent a letter to Plaintiff seeking to collect an alleged debt due to Plaintiff's homeowner's association (the "Notice Letter"). *See* D.E. 20, Second Amended Complaint, ¶ 14. The Notice Letter sets forth certain notices required by the FDCPA and by Florida law. *See* D.E. 20-1. [1] The Second Amended Complaint excerpts the relevant portion of the Notice Letter as:

> This communication is from a debt collector, is an attempt to collect a debt and any information obtained as a result of this letter or further communications with this office will be used for the purpose of collection of a debt.
> …
> Unless, within forty five (45) days after receipt of this notice, you dispute the validity of the debt claimed, or any portion thereof, the debt claimed will be assumed by this office to be valid. If you notify this office in writing within the forty five (45) day period that the debt claimed, or any portion thereof, is disputed, this office will obtain verification of the debt and a copy of the verification will be mailed to you.

*See* D.E. 20, Second Amended Complaint, ¶ 16.

Plaintiff portrays the Notice Letter's granting of forty-five (45) days to dispute or seek validation of the debt as a violation of 15 U.S.C. Section 1692g(3) and (4), and of 15 U.S.C. Section 1692e(10). *See* D.E. 20, Second Amended Complaint, ¶¶ 20, 41, 42, 48, and 49. Moreover, Plaintiff seeks class certification based on her assertion that Defendants have sent

---

[1] Pursuant to the applicable Florida law, Section 720.3085, Fla. Stat., a Homeowners' Association must provide the owner with at least forty-five (45) days following the date the notice is deposited in the mail to make payment for all amounts due. *See* § 720.3085(4)(a), Fla. Stat. "[T]he plain language § 1692g(b) does not extinguish a creditor's right to secure a debt under state law, but instead merely prohibits deceptive collection techniques." *Clark v. Shapiro & Pickett, LLP*, 452 Fed. App'x 890, 895 (11th Cir. 2012) (quoting *Shimek v Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 2013 (11th Cir. 2004)).

similar letters to other debtors allowing them additional time to exercise their statutory rights. *See* D.E. 20, Second Amended Complaint, ¶¶ 30 through 36.

From the face of the Second Amended Complaint and accepting all well-pleaded facts as true, however, Plaintiff's claims fail to state a cause of action under the FDCPA. Accordingly, Count I and II of the Second Amended Complaint should be dismissed with prejudice.

## LAW AND ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE UNDER RULE 12(b)(6)

#### A. Motion to Dismiss Standard

On a Motion to Dismiss brought under Federal Rule of Civil Procedure12(b)(6) for failure to state a claim, the factual allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Coburn v. Gonzalez*, 141 F.Supp. 3d 1339, 1341 (S.D. Fla. 2015) (quoting *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp. 3d 1379, 1392 (S.D. Fla. 2014), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Legal conclusions in a complaint must be supported by factual allegations and only a complaint which states a plausible claim for relief shall survive a motion to dismiss. *Coburn*, 141 F.Supp. 3d at 1341 (citing *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010)). Dismissal is appropriate "when on the basis of a dispositive issue of law, no construction of the factual

allegations will support the cause of action." *See Glover*, 459 F.3d at 1308 (quoting Marshall County Board of Education, 992 F.2d at 1174).

If it appears that the plaintiff has no cognizable claim and that attempts to amend would, therefore, be futile, a dismissal with prejudice is appropriate. *See Coburn*, 141 F.Supp. 3d at 1343 (dismissing the cause with prejudice).

## B. The Instant Complaint Fails to State a Cognizable Claim Under the FDCPA

### *1. Standard to Establish an FDCPA Violation*

"The purpose of the FDCPA is to 'eliminate abusive collection practices by debt collectors.'" *Madura v. Lakebridge Condo. Assn. Inc.*, 382 Fed. App'x 862, 865 (11th Cir. 2010) (quoting 15 U.S.C. § 1692e).

To establish a claim under the FDCPA, the plaintiff must show that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Gesten v. Phelan Hallinan, PLC*, 57 F.Supp. 3d 1381, 1385 (S.D. Fla. 2014) (citations omitted).

The FDCPA, in relevant part, requires a debt collector to include certain information in its first communications with a debtor, and to refrain from certain practices. *Id*. Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector must send a debtor "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector." *Id*. (quoting 15 U.S.C. § 1692g(a)(3)). Further, the statement must inform the debtor that the debt collector will verify the debt upon timely request. *Gesten*, 57 F.Supp. 3d at 1385 (citing 15 U.S.C. § 1692g(a)(4)). In all cases, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Gesten*, 57 F.Supp. 3d at 1385 (citing 15. U.S.C. § 1692e).

In the Eleventh Circuit, whether communications to a consumer run afoul of the FDCPA is typically decided under the "least sophisticated consumer" standard. *Gesten*, 57 F.Supp. 3d at 1385. The Eleventh Circuit has instructed that "[t]he least sophisticated consumer'" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (citations omitted). The test has an objective component in that "[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . ." *Id.*

***2. Plaintiff's Claims in this Matter may be Determined as a Matter of Law***

The standard applied to determine the effectiveness of a validation notice is objective in nature and, as such, the determination is an issue of law, particularly where there has been no jury demand. *Meininger v. GC Servs. Ltd. P'ship (In re Hathcock)*, 437 B.R. 696, 702 (Bankr. M.D. Fla. 2010). Similarly, whether the Plaintiff alleges facts sufficient to state a claim under 15 U.S.C.

Section 1692e is a legal question for the Court. *Coburn, 141 F.Supp. 3d at 1342* (citing *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1307-08, n. 11 (11th Cir. 2015)).

***3. The Instant Complaint Fails to State a Cause of Action Under 15 U.S.C. Section 1692g(3) and (4)***

The Second Amended Complaint erroneously alleges that the Defendants violated 15 U.S.C. Section 1692g(3) and (4) because the Notice Letter allowed Plaintiff forty-five (45) days to dispute or verify the debt. *See* D.E. 20, Second Amended Complaint, ¶¶ 20, 41, and 42. Courts have uniformly rejected Plaintiff's position.

**a. <u>It is well-established that providing more rights to a debtor does not violate the FDCPA</u>**

It is established by jurisprudence from this Court and Federal courts around the Country that correspondence which provides additional rights to a debtor under the FDCPA does not violate the FDCPA.

More particularly, this Court has found that providing additional time to a debtor within which to dispute or verify a debt does not run afoul of the FDCPA's proscriptions:

> But Defendant's second letter is not inconsistent with the thirty-day period that the FDCPA allows Plaintiff to dispute the debt. If anything, the second letter grants Plaintiff *additional* time to do so: the difference between thirty days from Plaintiff's receipt of the second letter and thirty days from Plaintiff's receipt of the first. Each letter states that Plaintiff may dispute the debt within thirty days of his receipt of *that* letter…There is no evidence that Defendant would not have honored this deadline. Defendant's required notice was therefore not overshadowed or contradicted. Instead it was expanded and emphasized.

*Gesten*, 57 F.Supp. 3d at 1386 – 87 (emphasis in original). [2]

Indeed, in the context of successive verification letters, Federal courts have uniformly found that debt collectors do not violate the FDCPA by giving debtors more rights:

> "§ 1692g of the FDCPA does not prohibit a debt collector from giving the consumer more than thirty days to exercise his right to obtain validation of the debt…It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt."

*Arend v. Total Recovery Services*, 2006 U.S. Dist. LEXIS 50479, *3 (E.D.N.Y. July 24, 2006) (internal citation omitted); *see also Brenker v. Creditors Interchange, Inc.*, 2004 U.S. Dist. LEXIS 4825, 2004 WL 594502, at *2 (S.D.N.Y. Mar. 25, 2004) ("Nothing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30-day validation period."); *Montgomery v. Trident Asset Mgmt., L.L.C.*, 2016 U.S. Dist. LEXIS 62672, at *2-3 (D.N.J. May 12, 2016) (adopting the reasoning of *Brenker* to find that subject letters did not violate the FDCPA).

Further,

> [t]he FDCPA does not prevent a debt collector from giving the consumer additional chances or time to dispute the debt, even if the statute does not require it…"It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt." … Here, going beyond the statutory minimum did not create a violation.

[2] In contrast, where courts in the Eleventh Circuit have found that failure to precisely track the timing language of Section 1692g is a violation of the FDCPA, this failure involves ***reduction*** of the thirty-day period. *See, e.g., Rivera v. Amalgamated Debt Collection Servs., Inc.*, 462 F.Supp. 2d 1223, 1228-29 (S.D. Fla. 2006) ("… Defendant led debtors to believe that they had less than thirty days to obtain verification of the debt. That is a clear violation of the statute...."); *In re Hathcock*, 437 B.R. 696, 702 (M.D. Fla. Bankr. 2010) ("Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt,…."); *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp. 2d 1361, 1369-70 (M.D. Fla. 2002) ("… the Court finds that nothing in the letter restricts the period to less than the thirty days that the statute provides…the Court finds that this language is not deceptive under Section 1692e.").

*Paige v. Waukesha Health Sys.*, 2013 U.S. Dist. LEXIS 96962, *25 (E.D. Wis. July 11, 2013) (internal citation omitted).

Likewise, a debt collector generally does not violate the FDCPA when its letter "actually goes beyond the requirements of the FDCPA ... [and the collector] is extending an additional right to its target debtors, above and beyond those mandated by the FDCPA." *Roudebush v. Collecto, Inc.*, 2004 U.S. Dist. LEXIS 27711, *5 (S.D. Ind. Nov. 12, 2004).

### b. Plaintiff's exact claims have been rejected for failing to state a claim under the FDCPA

Furthermore, Plaintiff's theories of FDCPA liability arising from the forty-five (45) day verification timeframe have already been considered and rejected by the United States District Court for the Eastern District of North Carolina relying on much of the foregoing law. *See Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, 2011 U.S. Dist. LEXIS 157520 (E.D.N.C. April 15, 2011).

The *Warran* plaintiffs alleged that the defendants violated the FDCPA when their letter notified the plaintiffs that they had forty-five (45) days to dispute and request verification of their debt. *Warran*, 2011 U.S. Dist. LEXIS 157520 at *2. As the *Warran* court noted, "[e]ssentially, Plaintiffs argue the Defendants offered Plaintiff [sic] too much time to exercise their rights." *Id.*

The *Warran* court soundly rejected the plaintiffs' claims that the defendants' letter violated Section 1692g(a) and denounced the plaintiffs' claims as "frivolous." *Id.* at *5. More particularly,

> Plaintiffs assert that the statute's 30-day time frame is not only a floor, but is also a ceiling… Even assuming that Plaintiffs' interpretation aligns with the statute's plain meaning, this interpretation is nothing less than absurd…Plaintiffs' interpretation perverts both the intent and purpose of the FDCPA. The FDCPA seeks to protect debtors from collectors undermining their rights. ***Defendants cannot be penalized for giving debtors more time to assert their rights than the statute provided***.

*Id*. at **6 – 7 (emphasis added).

The *Warran* court further noted that "nothing in the Defendants' letter can be read by even the least sophisticated consumer to apply *less than* a 30 day period for verification or dispute of the Debt." *Warran*, 2011 U.S. Dist. LEXIS 157520, at *11 (emphasis in original).

Consequently, the *Warran* Court dismissed the plaintiffs' Section 1692g(a) claims. The *Warran* decision is consistent with this Court's reasoning in *Gesten*, and its reasoning would appropriately be adopted and applied in the instant matter.

**c. <u>Plaintiff's Section 1692g claims fail as a matter of law</u>**

In the instant matter, Plaintiff's claim that Defendants' Notice Letter extending additional time to exercise her right to dispute or verify her debt violates FDCPA Section 1692g contradicts and disregards the consensus reached by Federal courts.

Indeed, Plaintiff's position requires an absurd interpretation of the FDCPA wherein debt collectors would be penalized for granting debtors more time to assert their rights. Such an interpretation distorts the very purposes for which the FDCPA was enacted and runs counter to the weight of authority on this issue. In addition, nothing in the Defendants' letter can be read by even the least sophisticated consumer to apply a less than 30-day period to dispute or verify the Debt.

Finally, the forty-five (45) day requirement arises from Florida law relating to homeowner's association liens where the association must provide notice at least forty-five (45) days prior to filing a lien. *See* § 720.3085, Fla. Stat.

Consequently, consistent with the foregoing authorities including this Court's *Gesten* decision, the instant Complaint fails to state any actionable claim under 15 U.S.C. Section 1692g and should be dismissed with prejudice.

### ***4. The Instant Complaint Fails to State an Actionable Cause Under 15 U.S.C. Section 1692e***

The instant Complaint also asserts that the Notice Letter's forty-five (45) day timeframe is deceptive under 15 U.S.C. Section 1692e(10) because the protections of the FDCPA would not cover consumers who seek to dispute or verify a debt after thirty days and consumers would therefore be misled into waiving their rights to timely dispute or seek validation of the debt. *See* D.E. 20, Second Amended Complaint, ¶¶ 20, 48, and 49. This claim is meritless.

#### **a. Plaintiff's Section 1692e claim is not supported by the law**

The undersigned was unable to locate any authorities in support of Plaintiff's theory of liability. The instant matter does not involve omission of any required notice under the FDCPA and likewise does not relate to any curtailing or denial of a debtor's rights under the FDCPA. To the contrary, as detailed above, the consensus of authorities supports a finding that the Notice Letter is not false, deceptive, or misleading pursuant to Section 1692e. *See Gesten*, 57 F.Supp. 3d at 1386-87; *see also Paige*, 2013 U.S. Dist. LEXIS 96962 at *25; *Warran*, 2011 U.S. Dist. LEXIS 157520, at 8; *Arend*, 2006 U.S. Dist. LEXIS 50479 at *3.

Significantly, the *Warran* court rejected a similar argument under the circumstances, and noted that the plaintiff in that matter did "not allege that the Defendants extended Plaintiffs' rights only to then revoke them." *Warran*, 2011 U.S. Dist. LEXIS 157520, at *11. In declining to find a Section 1692e violation through the forty-five (45) day deadline, the *Warran* court noted that "[i]t is thus unnecessary to stretch [the Statute] to provide for this purely hypothetical situation." *Id.*; *see also Hirsch v. United Collection Corp.*, 2004 U.S. Dist. LEXIS 29819, at *6-9 (E.D.N.Y. Oct. 27, 2004) ("[P]laintiff seeks to turn defendant's extension of additional time to exercise his rights on its head by claiming the letter deceived him in violation of the FDCPA. Plaintiff has failed to allege facts demonstrating any deception or confusion."). This Court likewise noted in *Gesten* that "[t]here is no evidence that Defendant would not have honored this [expanded] deadline." *Gesten*, 57 F.Supp. 3d at 1387.

**b. Plaintiff's Section 1692e claims fails as a matter of law**

Likewise, the instant Plaintiff has not alleged that the Defendants extended a forty-five (45) day deadline only to revoke same. Instead, Plaintiff alleges that the extension of additional time to exercise her rights under the FDCPA, without more, constitutes a Section 1692e(10) violation. This position has been uniformly rejected by the Federal courts, as detailed above.

Moreover, as noted above, the forty-five (45) day time line is consistent with the requirements of Florida law relating to homeowner's association liens. *See* § 720.3085, Fla. Stat.

Accordingly, the Complaint fails to state any cognizable claim under 15 U.S.C. Section 1692e and should therefore be dismissed with prejudice.

### C. Plaintiff's Class Action Claims Must Also be Dismissed

Where Plaintiff has failed to state a cognizable claim in Counts I and II of the Second Amended Complaint, her request to convene a class based on those allegations should also be rejected.

## CONCLUSION

Wherefore, the Defendants, BACKER ABOUD POLIAKOFF & FOELSTER, LLP and KEITH F. BACKER, request an Order dismissing Counts I and II of the Plaintiff's Second Amended Complaint, D.E. 20, with prejudice, and for any and all other relief deemed necessary and appropriate.

Dated: September 20, 2016
Vero Beach, FL 32960

Respectfully submitted,

By: /s/ ***Lewis W. Murphy, Jr.***

**Lewis W. Murphy, Jr.**
Florida Bar No. 0909467
wmurphy@murphywalker.com
**Elisa C. Mills**
Florida Bar No. 110763
emills@murphywalker.com
MURPHY & WALKER, P.L.
*Attorneys for the Defendants*
2001 U.S. Highway 1
Vero Beach, Florida 32960
Telephone: (772)231-1900
Facsimile: (772)231-4387

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via CM/ECF upon: **Leo W. Desmond, Esquire** and **Sovathary K. Jacobson, Esquire**, *counsel for the Plaintiff*, 5070 Highway A1A, Suite D, Vero Beach, FL 32963, lwd@verobeachlegal.com and jacobson@verobeachlegal.com, on this 20th day of September, 2016.

/s/ *Lewis W. Murphy, Jr.*
**Lewis W. Murphy, Jr.**
Florida Bar No. 0909467
**Elisa C. Mills**
Florida Bar No. 110763