**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:16-cv-81316-RLR

CYNTHIA A. GREIG, *on behalf of herself and all others similarly situated*

Plaintiff,

v.

BACKER ABOUD POLIAKOFF & FOELSTER, LLP,
*a Florida Professional Association,* and
KEITH F. BACKER, *individually*

Defendants.
__________________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I. Introduction

Plaintiff's Second Amended Class Action Complaint [DE 20] ("Complaint") states a cause of action based upon Defendants' violations of *15 U.S.C. § 1692g(a)(3)-(4)* and *15 U.S.C. § 1692e(10).* Plaintiff alleges that Defendants attempted to mislead Plaintiff and the class as defined by the Complaint by replacing *15 U.S.C. § 1692g(a)(3)-(4)* statutory thirty (30) day dispute period with a statement that the consumer may dispute the debt within forty-five (45) days.

Defendants' Motion to Dismiss [DE 26] seeks dismissal of Counts I and II of Plaintiff's Complaint pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, contending that the Complaint fails to establish violations of the *Fair Debt Collection Practices Act* ("*FDCPA*"). However, this Response will illustrate Plaintiff has established a *prima facie* violation of the *FDCPA* and Defendants' Motion to Dismiss should be denied in its entirety.

## II. Standard of Review

In considering a *Rule 12(b)(6)* motion to dismiss, a court's review is "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Additionally, when reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inference derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

The court must next determine whether the well-pled facts state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has "well-pled" the facts that gave rise to her Complaint. The facts supporting each element of the cause of action are well pled. Thus, Plaintiff has stated a valid cause of action.

"The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).

The "Demand Letter" [DE 20-1] is attached to the Complaint, and thus may be considered by the Court in reviewing this Response in Opposition to Defendants' Motion to Dismiss. *See Kinsey v. Mlh Fin. Servs.*, 509 Fed. Appx. 852, 853 (11th Cir. 2013).

**MEMORANDUM OF LAW**

## III. Plaintiff has pled a *prima facie* violation of the FDCPA

Under *Rule 8(a)(2)*, Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) did much to clarify the standard of

review applicable to motions under *Rule 12(b)(6),* they did not radically alter federal pleading standards under *Rule 8.* Under *Twombly*, a complaint will not be dismissed under *Rule 12(b)(6)* if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegation must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a level of speculation. *Twombly*, 550 U.S. at 555. This is consistent with the requirements of *Rule 8(a)(2)*, which requires that a complaint "provide a 'short and plain statement of the claim showing that the [pleader] is entitled to relief.' This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant(s) fair notice of what… the claim is and the grounds upon which it rests.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007); *See also Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008) (citing *Twombly*, 550 U.S. 544)("'[H]eightened fact pleading of specifics' is not required to survive a motion to dismiss."). What's more, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3rd Cir. 2005).

The Eleventh Circuit has adopted the "least sophisticated consumer" standard to determine whether a communication violates the *FDCPA*. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 n.11 (11th Cir. 1985) "The question is not whether [the plaintiff] was deceived, but whether the 'least sophisticated consumer' would have been deceived." *Id.*

In *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010), the Eleventh Circuit described this standard:

> "The least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon* [*v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).] However, the test

> has an objective component in that "[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness…" [*United States v.*] *Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (citing *Clomon*, 988 F.2d at 1319); *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) ("least-sophisticated consumer" standard is an objective test); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir. 2008) (same).

The "least sophisticated consumer" standard provides more protection to consumers than would a "reasonable consumer standard." *LeBlanc*, 601 F.3d at 1194.

In order to establish a *prima facie* case against a party for violations of the *FDCPA*, Plaintiff must demonstrate: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector under the *FDCPA*; and (3) the defendant engaged in an act or omission prohibited by the *FDCPA*. *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009).

In the instant matter, the following facts have been alleged: (1) Plaintiff incurred the consumer debt at issue to Plaintiff's homeowner's association[1] [DE 20 ¶¶13, 17, 40]; (2) Defendants sent Plaintiff a letter demanding Plaintiff pay debt due to the homeowner's association [ *Id.* ¶¶ 14, 15, 40]; (3) Defendants have made false and/or deceptive allegations in the aforesaid Demand Letter in violation of *15 U.S.C. §§ 1692g* and *1692e* of the *FDCPA* [ *Id.* ¶¶ 20, 41, 42, 48, 49]. In sum, Plaintiff has established her *prima facie* burden for establishing a violation of the *FDCPA.*

---

[1] See: *Abby v. Paige*, 2013 U.S. Dist. LEXIS 4625 (S.D. Fla. Jan. 11, 2013); (A homeowner association's assessment is a "debt" under the FDCPA.); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, 2011 U.S. Dist. LEXIS 109826 (S.D. Fla. Sept. 26, 2011); (Collection of community association fees is a debt collection activity and therefore falls under the purview of the FDCPA.); *Williams v. Edelman*, 408 F. Supp. 2d 1261 (S.D. Fla. 2006); *Agan v. Katzman & Korr, P.A.*, 2004 U.S. Dist. LEXIS 4158 (S.D. Fla. Mar. 16, 2004) Condominium assessments are debts covered by the FDCPA.

## IV. FDCPA's Debt Validation Notice Requirement & Statutory Construction

*Section 1692g(a)* defines with precision *when* notice must be provided (in the initial communication or within 5 days after it) and *what* that notice must contain:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within **thirty** days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the **thirty-day** period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> *Id. § 1692g(a).*

(Emphasis added.)

The *FDCPA* provides a private right of action for consumers who have been subjected to violations of its terms by debt collectors, including violations of the notice requirements of *§ 1692g*. *See 15 U.S.C. § 1692k*. In such an action, a person with respect to whom a debt collector failed to comply with the *FDCPA's* requirements may recover any actual damages sustained,

statutory damages of up to $1,000.00 per violation, and reasonable attorney's fees and costs. *Id.* *§§ 1692k(a)(1)-(3)*.

When the language of a statute is plain, the Court should enforce it according to its terms. *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). Courts, when interpreting a statute, should presume that the statute means what the words say. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992). Every clause and word of a statute should be given its effect. *Clark v. Absolute Collection Serv.*, 741 F.3d 487, 491 (4th Cir. 2014). *See also, United States v. Menasche*, 348 U.S. 528, 538-39, (1955). The Court should not interpret a statute in a way that renders any word or clause of that statute meaningless. *Clark*, 741 F.3d at 491. *See also, Duncan v. Walker*, 533 U.S. 167, 174, (2001). Congress's intent is demonstrated "by its chosen statutory language." *Walters v. PDI Mgmt. Servs.*, 2004 U.S. Dist. LEXIS 13972, *14 (S.D. Ind. Apr. 6, 2004). The *FDCPA* unambiguously stated that dispute of the debt must be made orally or in writing within **thirty (30) days**. The plain meaning of the term **thirty (30) days** controls in this matter. *See Connecticut Nat'l Bank*, 503 U.S. at 254. ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)); *Thorne v. Accounts Receivable Management, Inc.*, 2012 U.S. Dist. LEXIS 109165, *20 (S.D. Fla. July 23, 2012) ("[T]he Court sees no reason to depart…from the Eleventh Circuit's canons of statutory construction: 'The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry.'" quoting *United States v. Tobin*, 676 F.3d 1264 (11th Cir. 2012).

## V. The Defendants Cannot "Give" Plaintiff More Rights Than Provided By The FDCPA

Defendants state they are providing the Plaintiff with "additional rights" and therefore their Demand Letter does not violate the *FDCPA*. This simply is not true. Instead of informing Plaintiff that she must dispute the debt within **thirty (30) days** or the debt collector would assume the debt to be valid, the Defendants stated the Plaintiff could dispute the debt within forty-five (45) days.

The debt collectors' intent as to whether they will assume the debt is valid within forty-five (45) days or provide verification of the debt if a request is received in writing within forty-five (45) days is irrelevant. This is because the debt collector only becomes **statutorily obligated** to verify the debt if the dispute is made within **thirty (30) days**.

Congress' intent in enacting *15 U.S.C. § 1692g* was to provide consumers with thirty (30) days to question and respond to an initial communication from a debt collector. *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1226 (9th Cir. 1988). Once the consumer disputes the debt within the **thirty (30) day** period certain protections are triggered. For example, once the debt collector receives an oral dispute of the debt, *§ 1692e(8)* of the *FDCPA* statutorily requires the debt collector to cease "communicating the debtor's creditor information to others without including the fact that the debt is in dispute." *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) citing *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998). Also, pursuant to *15 U.S.C. § 1692h*, if the consumer owes multiple debts, and orally disputes a debt within the statutory thirty (30) day period, the debt collector is prohibited from applying the payment to the disputed debt. *Camacho*, 430 F.3d at 1082. Additionally, once a debt collector receives an oral dispute within the thirty (30) day period, the debtor gains the protections of *15 U.S.C. § 1692c(a)(1)*, which prohibits the debt collector from communicating with the debtor at a time or place which should be known to be inconvenient to the debtor. Should the consumer

dispute the debt outside to the prescribed thirty (30) day period stated in *15 U.S.C. § 1692g(a)(3)* the debt collector would be under **no statutory obligation** to give the consumer the rights pronounced in *§§ 1692e(8)* or *1692c(a)(1).*

Additionally, the Demand Letter stated if Plaintiff requested verification of the debt in writing within **forty-five** (45) days, the debt collector would obtain proof of the debt and send the same to Plaintiff as opposed to the **thirty (30) day** time frame unambiguously stated in *15 U.S.C. § 1692g(a)(4)*. The **thirty (30) day** time frame to send a written request for verification of the debt provided by *15 U.S.C. § 1692g(a)(4)* also triggers certain protections under the *FDCPA.* For instance, *15 U.S.C. § 1692g(b)* requires debt collectors who receive written requests for verification of the debt within **thirty (30) days** to cease the collection of the debt until the debt collector obtains verification of the debt, and mails the same to the consumer. Additionally, a debt collector is not statutorily required to send a consumer verification of a debt or a copy of a judgment against the consumer, unless the dispute is made in within the **thirty (30) day** period. As such, the least sophisticated consumer could, and would, be misled as to his or her rights pursuant to *15 U.S.C. §§ 1692g(a)(4)* and *1692(g)(b)* as the Demand Letter does not effectively convey the rights afforded by the *FDCPA.*

This Circuit has held that validation notices that fail to comply with any provision of the *FDPCA* violate the *Act*. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. Fla. 2016). At the District Court level the Court found that the debt collectors' omission of the "in writing" requirement of *15 U.S.C. § 1692g(4)* was not a violation of the *FDCPA* because it gave the consumer a "less demanding means of communication than permitted by the statute." *Bishop v. Ross Earle & Bonan, P.A.*, 2015 U.S. Dist. LEXIS 61305, *7 (S.D. Fla. May, 11, 2015). Essentially, the District Court found that the debt collectors waived the writing requirement of *15*

*U.S.C. § 1692g(a)(4). Id.* On appeal the debt collectors argued that their wavier of the writing requirement protected "consumers by accepting a less demanding means of dispute than they are otherwise entitled to require." i.e. that they were giving the consumer "additional rights" as stated by Defendants in the current matter. *Bishop*, 817 F.3d at 1274. However, the Eleventh Circuit found this argument ineffective and stated:

> We reject that notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or to cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right[s].

*Id.*

The Eleventh Circuit Court went on to state "[n]othing in the statute suggests that debt collectors have discretion to relax these requirements." *Id.*

This Court should follow the reasoning of the Eleventh Circuit, the statute is clear and full effect should be giving to the language of the statute. *Bishop*, 817 F.3d at 1274. *15 U.S.C. § 1692g(a)(3)-(4)* only gives the consumer thirty (30) days to dispute the debt. The consumer is only statutorily afforded the protections of *15 U.S.C. §§ 1692c(a)(1), 1692g(b),* or *1692(e)(8)* should he or she dispute the debt within that thirty (30) day period prescribed by the *FDCPA.*

Additionally, this Court, by paperless order rejected the very notion that a debt collector may arbitrarily provide "additional rights" to consumers. *Clark v. Butler & Hosch P.A.*, 2:14-cv-14184-RLR Oct. 1, 2014. [DE28]. In *Clark* the debt collector omitted the "written" requirement of *15 U.S.C. § 1692g(a)(5)* for verification of the name and address of the original creditor and stated that it was simply providing the consumer with "additional rights" because the debt collector would have honored a written or oral request for verification of the creditor. *See Clark v. Butler & Hosch P.A.*, 2:14-cv-14184-RLR July 28, 2014. [DE 14 page 12]; *Clark v. Butler & Hosch P.A.*,

2:14-cv-14184-RLR Aug. 21, 2014. [DE 19 pages 7-8]. The consumer plaintiff in *Clark* argued that the debt collector would not be statutorily obligated to provide the consumer with the name and address of the original creditor unless it was requested in writing and furthermore that the consumer would not gain the protection of *§ 1692g(b)* unless the consumer's dispute was made in writing. *Clark v. Butler & Hosch P.A.*, 2:14-cv-14184-RLR Aug. 9, 2014. [DE 18 page 12]. This Court, for reasons stated on the record, found the consumer's line of reasoning more persuasive and denied the debt collector's motion to dismiss. *Clark v. Butler & Hosch P.A.*, 2:14-cv-14184-RLR Oct. 1, 2014. [DE 28].

Here, Defendants' argument is essentially the same. Defendants state they are giving the consumer "additional rights" and relaxing the *FDCPA's* requirements because they are permitting the consumer to dispute the debt within a larger timeframe. As stated previously, the Defendants' intent as to whether it will provide verification of the debt if requested after the thirty (30) day time frame is irrelevant. This is because the debt collector only becomes statutorily obligated to provide verification of the debt if notified in writing within thirty (30) days. *See: Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1202-03 (9th Cir. 1999) (For debtors' request for verification of the debt to be effective, it must be made within thirty days; tardy request did not trigger obligation to verify the debt.); *Crain v. Pinnacle Fin. Group of MN, Inc.*, 2007 U.S. Dist. LEXIS 84043, *9 (E.D. Mich. Nov. 14, 2007) ("To assert her rights under the statute, however, [p]laintiff must do so within thirty days of receipt of the notice of debt collection." citing *15 U.S.C. §§ 1692g(a)(3), (b)*.); *Phillips v. NCO Fin. Sys.*, 2014 U.S. Dist. LEXIS 50089, *13-14 (E.D. Mich. Apr. 11, 2014) ("If the debtor does not dispute the debt within this 30-day period, however, the debt is presumed to be valid and verification is not required from the debt collector."); *Millsap v. CCB Credit Servs.*, 2008 U.S. Dist. LEXIS 110149, *14-15 (E.D. Mich. Sept. 30, 2008) (Debt not disputed within the

thirty day time period of *15 U.S.C. § 1692g(a)(3)* is presumed valid and the debt collector need not provide verification.); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742-743 (N.D. Ill. 2003) (Rejecting the notion that the debt collector may provide additional rights to the consumer by providing response to an oral request for verification of the debt despite *15 U.S.C. § 1692g(a)(4)* written requirement.); *Olson v. J.J. Marshall & Assocs.*, 2009 U.S. Dist. LEXIS 98583 (E.D. Ky. Oct. 13, 2009) ("Under the plain language of *Section 1692g(b)*, its restriction on debt collectors' activities apply only '[i]f the consumer notifies the debt collector in writing *within the thirty day period described in subsection (a)*'" citing *15 U.S.C. 1692g(b)* (emphasis in original); *Simard v. LVNV Funding, LLC*, 2011 U.S. Dist. LEXIS 110691 (D. Mass. Sept 9, 2011) ("If the consumer does not respond within the 30 day period provided under the statute, the consumer waives the right to have the debt verified and the debt collector does not have a duty to verify the debt pursuant to *15 U.S.C. § 1692g(b)*. Plaintiff's validation request was invalid because it was made after the 30 day period provided by the FDCPA[.]" (internal citations omitted)); *Jones v. Inv. Retrievers, LLC*, 2011 U.S. Dist. LEXIS 44138, *16 (M.D. Pa. Apr. 25, 2011) ("The right to have a debt verified before collection efforts can continue is waived if written notification is not sent within the thirty-day period.); *Lunger v. Escallate, LLC*, 2015 U.S. Dist. LEXIS 176949, *9-10 (N.D. Ohio Dec. 15, 2015) ("A strict reading of the statutory language, as well as relevant authority, suggests that a debt collector is not required to cease collection activity or provide validation verification unless the debtor has properly disputed the validity of the debt under *15 U.S.C. § 1692g* within the thirty-day period."); *Senftle v. Landau*, 390 F. Supp. 2d 463, 475 (D. Md. 2005) (Debtor waived his right to dispute the debt when he did not dispute it within the 30-day period provided by *§ 1692g(a)*, therefore the debt collector had no duty under *§ 1692g(b)* to verify debtor's debt.); *Davis v. R & R Prof'l Recovery*, 2009 U.S. Dist. LEXIS 11879, *17-18 (D. Md.

Feb. 17, 2009) (Debtor waived her right to dispute the debt when the dispute was not made in the thirty days permitted by *§ 1692g(a)(3)*.); *Munroe v. Specialized Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 16521, *22-23 (E.D.N.Y. Jan 20, 2016) (For consumer's dispute to be valid under the FDCPA it must be mailed within thirty days of receiving the initial communication from the debt collector.); *Pakhutko v. Blitt & Gaines, P.C.*, 2014 U.S. Dist. LEXIS 60438 *3-4 (N.D. Ill. May 1, 2014) (Debt collector not required to verify a debt because the consumer did not dispute the debt within the thirty days as required by the FDCPA.); *Lyles v. Ford Motor Credit Co.*, 2012 U.S. Dist. Lexis 187812, *11 (C.D. Cal. Dec. 17, 2012) ("*Section 1692g* only requires debt collectors to discontinue debt collection efforts if the consumer notifies the debt collector of the dispute within 30 days of notice." citing *15 U.S.C. § 1692g(b)*.); *Jones v. Dominion Law Assocs.*, 2011 U.S. Dist. LEXIS 129518, *7 (E.D. Va. Nov. 8, 2011) (Consumer's request for validation of the debt was outside the statutory period because it was sent more than thirty days after the initial commination.).

This Court should follow the reasoning of the Eleventh Circuit, the statute is clear and full effect should be given to the plain language of the statute. *Bishop*¸ 817 F.3d at 1274. *15 U.S.C. § 1692g(a)(3)-(4)* only gives the consumer thirty (30) days to dispute the debt. The consumer is only statutorily afforded the protections of *15 U.S.C. §§ 1692c(a)(1), 1692g(b)*, or *1692(e)(8)* should he or she dispute the debt within that thirty (30) day period prescribed by the *FDCPA.*

The *FDCPA* was enacted to protect consumers from the unscrupulous behavior of debt collectors. Congress included *15 U.S.C. § 1692(g)* to ensure consumers would know their rights under the *FDCPA*. *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, *8 (E.D.N.C. Mar. 1, 2010). Allowing the debt collectors to decide whether they would provide verification of the debt after the statutory thirty (30) day time period would lead to inconsistent

results and strip consumers of their statutory rights regardless of the "best intentions" of the debt collectors.

**VI. Defendants' Case Law is Distinguishable from the Facts of Plaintiff's Claim**

The cases to which Defendants' cite in their Motion to Dismiss are glaringly distinguishable from the facts of Plaintiff's claim in that the "validation notices" sent to the consumers contained the thirty (30) day dispute period as mandated by *15 U.S.C. § 1692g(a)(3)-(4)*. *See Roudebush v. Collecto, Inc.*, 2004 U.S. Dist. LEXIS 27711, * 4 (S.D. Ind. Nov. 12, 2004) ("[D]unning letter contained a validation notice with the statutorily-required language[.]").

Additionally, the issue in a majority of the cases Defendants cite to was whether sending out a *second letter* overshadows or contradicts the consumers' validation period stated in the initial letter sent to the consumer that contained the validation notice. *See Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1386 (S.D. Fla. 2014) (The "letter is not inconsistent with the thirty-day period that the FDCPA allows [p]laintiff to dispute the debt."); *Arend v. Total Recovery Services, Inc.*, 2006 U.S. Dist. LEXIS 50479, *7 (E.D. N.Y. July 24, 2006) ("[P]ursuant to *§ 1692g* the debt may be assumed valid if a debtor does not dispute the debt during the [30 day] validation period."); *Brenker v. Creditors Interchange, Inc.*, 2004 U.S. Dist. LEXIS 4825, *9 (S.D.N.Y. Mar. 25, 2004) ("Plaintiff has clearly been informed that she could protect her rights by responding within **thirty days** of receipt of the original letter.") (emphasis added); *Montgomery v. Trident Asset Mgmt. L.L.C.*, 2016 U.S. Dist. LEXIS 62672, *1 (D.N.J. May 12, 2016) (Each letter contained a thirty day validation notice.); *Paige v. Waukesha Health Sys.*, 2013 U.S. Dist. LEXIS 96962, *23 (E.D. Wis. July 11, 2013) (Both letters contained the thirty (30) day validation notice provided by *15 U.S.C. 1692g(3)-(5)*.); *Hirsch v. United Collection Corp.*, 2004 U.S. Dist. LEXIS 29819, *2-3, *7 (E.D.N.Y. Oct. 27, 2004) (The letter clearly alerted the consumer the debt would be assumed valid if not disputed within thirty days in compliance with *15 U.S.C. § 1692(g)(a)(3)*.).

The only non-binding case Defendants cite to with similar facts as Plaintiff's claims is *Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, 2011 U.S. Dist. LEXIS 157520 (E.D.N.C. April 15, 2011). In *Warran*, the plaintiffs alleged defendant violated *15 U.S.C. 1692g(a)(3)* when the defendant stated in its validation notice that plaintiffs had forty-five (45) days to cure default and to request verification of the debt. *Id.* at *2-5. The court found that the letter did not violate the *FDCPA* because nothing in the debt collectors' letter could imply a "*less than* 30 day period for verification or dispute of the [d]ebt." *Id.* at *11. (emphasis in original).

It is the opinion of Plaintiff that the decision in *Warran*, was an incorrect pronouncement of the statute. Here, Plaintiff is not claiming Defendants violated the *FDCPA* by implying Defendants gave Plaintiff less than thirty (30) days to dispute the debt. Instead, Plaintiff asserts that Defendants violated the *FDCPA* when they implied that they would be **statutorily obligated** to provide verification of the debt had Plaintiff requested verification of the debt or disputed the debt after the statutorily prescribe thirty (30) day time period.

**VII. Defendants' Conduct Violates The FDCPA**

The *FDCPA* does not require proof of intentional misconduct and is therefore described as a strict liability statute. *LeBlanc*, 601 F.3d at 1190. Because the *FDCPA* is described as a strict liability statute, a debt collector violates the *Act* by failing to provide the information the *Act* requires. *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LPP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. Apr. 22, 2003). The *FDCPA* "is a strict liability statute, and a violation can occur regardless of a collector's best intentions." *Spira v. Consiglio, Parisi & Allen, Inc.*, 2001 U.S. Dist. LEXIS 24497, *9 (E.D.N.Y. Jan. 3, 2001). Even "highly technical" violations of the FDCPA are actionable. *Hernandez v. Guglielmo*, 977 F. Supp. 2d 1054, 1057 (D. Nev. 2013).

Defendants' rewriting of the statute replacing the thirty (30) day dispute period to a forty-five (45) day dispute period is misleading and false, and therefore a violation of *15 U.S.C. § 1692e(10)*. "The absence of one or more of the statutory requirements for the validation notice is actionable as a violation of *15 U.S.C. § 1692e*, under our precedent if the variance is one that would tend to mislead the least sophisticated consumer." *Caceres v. McCAlla Raymer, LLC*, 755 F.3d 1299 (11th Cir. 2014). Defendants' omission of the thirty (30) day dispute period and replacement of the thirty (30) days with a forty-five (45) day dispute period misleads the least sophisticated consumer to believe that he or she may request verification of the debt or dispute the debt after the thirty (30) day period and that the Defendants would be **statutorily obligated** to verify the debt after the thirty (30) day period. Defendants repeatedly state the forty-five (45) day requirement is consistent with *§ 720.3085, Fla. Stat.* regarding providing notice to the consumer prior to filing a homeowner's association lien. [DE 26 page 10, 11]. Plaintiff concedes that *§ 720.3085 Fla. Stat.* provides for a forty-five (45) day notice prior to the filing of a record of lien. However, the *FDCPA* and *§ 720.3085 Fla. Stat.* are separate and distinct statutes. Defendants cannot seemingly rewrite the *FDCPA* just to coincide with *§ 720.3085 Fla. Stat.* which is essentially what Defendants did here. Under Defendants' theory, debt collectors could adjust *§ 1692g(a)'s* timeframe requirements to dispute the debt to any arbitrary period. This would lead to contradictory and inconsistent debt collection efforts which was not Congress' intent in enacting the *FDCPA*. Once the thirty (30) day period ends the least sophisticated consumer forfeits their rights to dispute the debt under *15 U.S.C. § 1692g(a)(3)*, and the debt collector would be under **no statutory obligation** to give the consumer the rights pronounced in *§§ 1692e(8)* or *1692c(a)(1)*. Additionally, once the thirty (30) day period ends pronounced by *15 U.S.C. § 1692g(a)(4)*, the consumer forfeits their protections provided by *15 U.S.C. §1692g(b)*.

**CONCLUSION**

For the reasons stated herein, it is respectfully requested that this Court Deny Defendants' Motion to Dismiss Counts I and II of Plaintiff's Second Amended Class Action Complaint.

Dated: October 20, 2016.

Respectfully submitted,

*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQUIRE
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone (772) 231-9600
Facsimile (772) 231-0300
*Attorney for Plaintiff*

*/s/ Sovathary K. Jacobson*
SOVATHARY J JACOBSON, ESQUIRE
Florida Bar No. 0102200
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone (772) 231-9600
Facsimile (772) 231-0300
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of October, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF filing system, which will send a notice of electronic filing to the parties listed below.

Respectfully submitted,

*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQUIRE
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone (772) 231-9600
Facsimile (772) 231-0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

**SERVICE LIST**
Lewis Wilson Murphy, Esq.
Florida Bar No. 0909467
MURPHY & WALKER, P.L.
2001 U.S. Highway 1
Vero Beach, FL 32960
Telephone: (772) 231.1900
Facsimile: (772) 231.4387
wmurphy@murphywalker.com
*Attorney for Defendants*