**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:16-CV-81316-ROSENBERG/BRANNON**

CYNTHIA A. GREIG,

      Plaintiff,

v.

BACKER ABOUD
POLIAKOFF & FOELSTER, LLP,
and KEITH F. BACKER,

      Defendants.

_____/

**ORDER MEMORIALIZING RULING ON DEFENDANTS' MOTION TO DISMISS**

      **THIS CAUSE** came before the Court upon Defendants' Rule 12(b)(6) Motion to Dismiss Counts I and II of Second Amended Class Action Complaint [DE 26]. Having considered Defendants' Motion, Plaintiff's Response thereto [DE 32], and Defendants' Reply [DE 34], and having heard argument during a hearing held November 7, 2016, the Court granted Defendants' Motion and dismissed Counts I and II of Plaintiff's Second Amended Class Action Complaint [DE 20] with prejudice. *See* DE 36. The reasons for that ruling were stated on the record during the hearing. The Court now issues this written order memorializing its ruling and the reasons therefore. In addition, the Court takes this opportunity to address one additional point raised by Plaintiff in greater detail.

**Summary of Plaintiff's Allegations**

      Plaintiff's Second Amended Class Action Complaint [DE 20] contains three counts for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). In considering Defendants' Motion, the Court views Plaintiff's Second Amended Class Action

Complaint in the light most favorable to Plaintiff and accepts all of Plaintiff's well-pleaded facts as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

With respect to Counts I and II, Plaintiff alleges that on May 27, 2016, Defendants—who, according to Plaintiff, were "debt collectors" as defined in the FDCPA—sent a demand letter to Plaintiff seeking to collect a debt owed to Plaintiff's homeowners' association. In the demand letter, Defendants wrote:

> Unless, within forty five (45) days after receipt of this notice, you dispute the validity of the debt claimed, or any portion thereof, the debt claimed will be assumed by this office to be valid. If you notify this office in writing within the forty five (45) day period that the debt claimed, or any portion thereof, is disputed, this office will obtain verification of the debt and a copy of the verification will be mailed to you.

Count I of Plaintiff's Second Amended Class Action Complaint alleges that Defendants violated 15 U.S.C. § 1692g(a)(3) and (4), which require a debt collector to notify the consumer that she must dispute the validity of the debt within thirty days after receipt of notice:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . , send the consumer a written notice containing—
>
> * * *
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . . .

Specifically, Plaintiff alleges that Defendants' demand letter incorrectly stated that Plaintiff could dispute the validity of the debt within forty-five days, rather than thirty days, and therefore violated 15 U.S.C. § 1692g(a)(3) and (4).

Count II of Plaintiff's Second Amended Class Action Complaint alleges that Defendants violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means [by a debt collector] in connection with the collection of any debt." Among other conduct, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer" violates this section. *See* 15 U.S.C. § 1692e(10). Plaintiff alleges that, because a consumer must dispute the validity of the debt within thirty days after receipt of notice, Defendants' statement that Plaintiff could dispute the validity of the debt within forty-five days was false and misleading. Accordingly, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e(10).

With respect to Count III (which Defendants have not sought to dismiss), Plaintiff alleges that on July 20, 2016, Defendants sent Plaintiff a letter stating that a claim of lien had been filed against Plaintiff's property. Plaintiff alleges that this letter was false and misleading because the claim of lien had not yet been filed; in fact, the claim of lien was not executed until five days later and not recorded until nine days later. Accordingly, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e(10). In addition, Plaintiff alleges that the claim of lien filed against Plaintiff's property did not reflect the $880.00 payment made by Plaintiff on July 22, 2016.

## Summary of the Arguments

The primary arguments raised in Defendants' Motion to Dismiss Counts I and II may be summarized as follows: First, Defendants argue that multiple courts have determined that correspondence providing additional time for a consumer to dispute the validity of a debt does not violate the FDCPA. *See, e.g.*, *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1385 (S.D. Fla. 2014); *Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, No. 7:10-CV-71-BO, 2011 WL 10858230, at *4 (E.D.N.C. Apr. 19, 2011). Second, Defendants argue that

Plaintiff's position requires an absurd interpretation of the FDCPA that would penalize debt collectors for granting consumers additional time to assert their statutory rights. Third, Defendants argue that nothing in Defendants' letter could be read by even the least sophisticated consumer to allow Plaintiff *less than* thirty days to dispute the validity of the debt. Fourth, Defendants argue that their demand letter comports with Florida Statutes section 720.3085(4)(a), which requires a homeowners' association to provide the owner with at least forty-five days after the date notice is deposited in the mail to make payment for all amounts due. Finally, Defendants argue that there was no allegation that Defendants would not have honored the extended deadline for Plaintiff to dispute the validity of the debt.

In response, Plaintiff argues first that under the plain language of the FDCPA, Defendants cannot give Plaintiff more time to exercise her statutory rights. A consumer is entitled to certain statutory protections only if she disputes the validity of the debt and requests verification within thirty days. Second, Plaintiff argues that the Eleventh Circuit Court of Appeals has found an FDCPA violation where the statement from the debt collectors omitted § 1692g(a)(4)'s requirement that the consumer notify the debt collector "in writing" that the debt is disputed, despite the debt collectors' argument on appeal that they had simply waived that requirement. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) ("We reject the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing. Likewise, the consumer has a right to verification only if she disputes the debt in writing. Nothing in the statute suggests that debt collectors have discretion to relax these requirements.") (internal citation omitted). Third, Plaintiff argues that in *Clark v. Butler & Hosch, P.A.*, case no. 2:14-cv-14183, the undersigned

denied the debt collector's motion to dismiss where the consumer alleged that the debt collector's statement had omitted § 1692g(a)(5)'s requirement that the consumer submit a "written" request for the name and address of the original creditor. In that case, the debt collector had argued that its omission of the requirement that the request be written simply provided the consumer with additional rights because the debt collector would have honored either a written or oral request. Fourth, Plaintiff argues that the cases cited by Defendants are distinguishable from the instant case because those cases involved *successive* letters, each of which included the statement that the consumer was required to dispute the debt within *thirty days*, while the instant case involves a single letter stating that the consumer could dispute the debt within forty-five days. Fifth, Plaintiff argues that the lone case cited by Defendants that also involved a single letter stating that the consumer could dispute the debt within forty-five days is not binding on this Court and should not be followed. Finally, Plaintiff argues that Defendants cannot rewrite the FDCPA just to comport with Florida Statutes section 720.3085(4)(a).

In their Reply, Defendants argue first that *Bishop* and *Clark* are distinguishable from the instant case because, in the instant case, Defendants' demand letter did not omit necessary information or curtail Plaintiff's rights. Defendants' demand letter advised Plaintiff of the distinct rights triggered by a verbal dispute and a written dispute and clearly offered rights beyond those guaranteed by the FDCPA. *See Macy v. GC Servs. Ltd. P'ship*, No. 3:15-CV-819-DJH, 2016 WL 5661525, at *5 (W.D. Ky. Sept. 29, 2016). Defendants are not seeking to retroactively recast § 1692g omissions as an implicit extension of rights. Second, Defendants argue that Plaintiff asserts that consumers are stripped of statutory protections if they do not dispute the debt within thirty days, even if the debt collector has provided additional time. This position is inconsistent with the cases cited by Defendants. Finally, Defendants argue, again, that

5

even the least sophisticated consumer would not have been misled as to her statutory rights by Defendants' extension of the deadline to dispute the debt.

## Summary of Applicable Law

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). Where it appears that a plaintiff has no

cognizable claim and any attempts to amend would be futile, dismissal with prejudice is appropriate. *See Coburn v. Gonzalez*, 141 F. Supp. 3d 1339, 1343 (S.D. Fla. 2015).

The Court must apply this general framework in conjunction with the specific legal principles applicable to FDCPA claims.

> To establish a claim under the FDCPA, the plaintiff must show "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."

*Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1385 (S.D. Fla. 2014) (quoting *Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008)). In the instant case, the parties do not dispute that Defendants are debt collectors attempting to collect a consumer debt from Plaintiff. At issue is whether Defendants have engaged in an act or omission prohibited by the FDCPA.

> The FDCPA, in relevant part, requires a debt collector to include certain information in its first communications with a debtor, and to refrain from certain practices. Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

*Gesten*, 57 F. Supp. 3d at 1385 (quoting 15 U.S.C. § 1692g(a)(3)). In addition, the statement must inform the consumer "that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4). "In all cases, a debt collector 'may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Gesten*, 57 F. Supp. 3d at 1385 (quoting 15 U.S.C. § 1692e).

7

"In the Eleventh Circuit, whether communications to a consumer run afoul of the FDCPA is typically decided under the 'least sophisticated consumer' standard." *Gesten*, 57 F. Supp. 3d at 1385 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985)). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that [w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (internal quotation marks and citations omitted).

The effectiveness of a validation notice under 15 U.S.C. § 1692g(a) is objective in nature and is therefore determined as a matter of law, particularly where no jury demand has been made. *See In re Hathcock*, 437 B.R. 696, 701 (Bankr. M.D. Fla. 2010) (citing *In re Martinez*, 266 B.R. 523, 533 (Bankr. S.D. Fla.)). Similarly, "whether the Plaintiff alleges facts sufficient to state a claim under § 1692e is a legal question for the Court." *Coburn*, 141 F. Supp. 3d at 1342 (quoting *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1307–08 n. 11 (11th Cir. 2015)).

## The Court's Ruling

As the Court noted on the record at the conclusion of the hearing held November 7, 2016, multiple courts have determined that successive correspondence providing additional time for a consumer to dispute the validity of a debt does not violate the FDCPA. Defendants cite numerous examples at pages 6 through 8 of their Motion to Dismiss. For example, in *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381 (S.D. Fla. 2014), the court concluded that sending two letters informing the consumer of the thirty-day period to dispute the validity of the debt did not violate the FDCPA:

> Defendant's second letter is not inconsistent with the thirty-day period that the FDCPA allows Plaintiff to dispute the debt. If anything, the second letter grants Plaintiff *additional* time to do so: the difference between thirty days from Plaintiff's receipt of the second letter and thirty days from Plaintiff's receipt of the first. Each letter states that Plaintiff may dispute the debt within thirty days of his receipt of *that* letter. There is no evidence that Defendant would not have honored this deadline. Defendant's required notice was therefore not overshadowed or contradicted. Instead it was expanded and emphasized.

57 F. Supp. 3d at 1386–87 (internal citation omitted). In a similar case, *Arend v. Total Recovery Servs., Inc.*, No. 05-CV-3064(DLI)(JMA), 2006 WL 2064977 (E.D.N.Y. July 24, 2006), the court concluded:

> § 1692g of the FDCPA does not prohibit a debt collector from giving the consumer more than thirty days to exercise his right to obtain validation of the debt. It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt.

2006 WL 2064977, at *3 (citing *Brenker v. Creditors Interchange, Inc.*, No. 03 CIV.6500 LTS DFE, 2004 WL 594502, at *2 (S.D.N.Y. Mar. 25, 2004)); *see also Montgomery v. Trident Asset Mgmt., L.L.C.*, No. 15-6617 (MAS) (LHG), 2016 U.S. Dist. LEXIS 62672, at *2–3; *Paige v. Waukesha Health Sys., Inc.*, No. 12-C-0601, 2013 WL 3560944, at *9 (E.D. Wis. July 11, 2013)).

In addition, under facts strikingly similar to those presented by the instant case, at least one court has determined that a single letter informing consumers that they had forty-five days to dispute and request verification of the debt did not violate the FDCPA. *See Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, No. 7:10-CV-71-BO, 2011 WL 10858230, at *4 (E.D.N.C. Apr. 19, 2011). In that case, the court explained:

> Plaintiffs assert that the statute's 30–day time frame is not only a floor, but is also a ceiling. . . . Even assuming that Plaintiffs' interpretation aligns with the statute's plain meaning, this interpretation is nothing less than absurd. Plaintiffs' interpretation perverts both the intent and purpose of the FDCPA. The FDCPA seeks to protect debtors from collectors undermining their rights. Defendants

> cannot be penalized for giving debtors more time to assert their rights than the statute provided.

*Warran*, 2011 WL 10858230, at *3 (internal citation omitted). In reaching that conclusion, the court noted that "nothing in the Defendants' letter [could] be read by even the least sophisticated consumer to apply *less than* a 30 day period for verification or dispute of the Debt." *Warran*, 2011 WL 10858230, at *4. The court ultimately dismissed the plaintiffs' claims under 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692e(10) for failure to state a claim.

This Court adopts the reasoning set forth in such cases as *Warran* and *Gesten* and concludes that Counts I and II of Plaintiff's Second Amended Class Action Complaint should be dismissed for failure to state a claim. Because any further amendment would be futile, these claims are dismissed with prejudice.

In particular, the Court notes first that Defendants' demand letter clearly provided Plaintiff with an additional fifteen days beyond the statutorily required thirty days within which to dispute the validity of her debt and request verification. Second, nothing in the demand letter restricted Plaintiff's statutory rights. There is nothing to suggest that Defendants would not have honored the extension of time granted in the demand letter. Third, even the least sophisticated consumer would not have been misled by Defendants' demand letter. Fourth, Plaintiff's assertion that consumers are stripped of statutory protections under the FDCPA if they do not dispute the debt within thirty days, even if the debt collector has provided additional time, requires an absurd interpretation of the statutory language and is inconsistent with cases permitting debt collectors to provide additional time to consumers. Finally, *Bishop* and *Clark* (on which Plaintiff relies) are distinguishable from the instant case. *See, e.g.*, *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-CV-819-DJH, 2016 WL 5661525, at *5 (W.D. Ky. Sept. 29, 2016) (noting the important distinction between a debt collector's after-the-fact attempt to explain deviation from statutory notice

requirements as an offer of additional rights, as in *Bishop* and *Clark*, and a debt collector's explicit offer of additional rights in the demand letter itself, as in the instant case).

## Plaintiff's Hypothetical Case

Finally, the Court takes this opportunity to address Plaintiff's argument that finding no violation of the FDCPA in the instant case would mean that debtors have no recourse under a particular set of facts not present here. Plaintiff argues that a hypothetical debtor who has received a demand letter such as the one Plaintiff received in the instant case may attempt to exercise her statutory rights after the 30-day period afforded by the FDCPA, but within the 45-day period afforded by the debt collector in its demand letter, only to find that the debt collector refuses to honor the extension of time offered in its demand letter. In such a case, Plaintiff argues, the conclusion that a debt collector has not violated the FDCPA by stating in the demand letter that the debtor had 45 days within which to exercise her statutory rights leaves that debtor without any legal remedy. While such a case does indeed raise serious concerns, the Court notes that this hypothetical situation is not before the Court in the instant case. Any such concerns arising from facts that are not presently before the Court are for another case and should not be addressed by this Court in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Rule 12(b)(6) Motion to Dismiss Counts I and II of Second Amended Class Action Complaint [DE 26] is **GRANTED**.

2. Counts I and II of Plaintiff's Second Amended Class Action Complaint [DE 20] are **DISMISSED WITH PREJUDICE**.

3. Count III of Plaintiff's Second Amended Class Action Complaint remains pending. The parties shall attend an early mediation by no later than **Monday, February 6,**

**2017**, unless a settlement has been reached and a notice of settlement has been filed with the Court prior to that date. *See* DE 39.

  **DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this <u>5th</u> day of January, 2017.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

12